ORDERED.

**Dated:  June 26, 2023**

_[Signature]_
Caryl E. Delano
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

In re:                                                                                         Case No. 2:23-bk-00373-FMD
                                                                                                     Chapter 11
H2O Investment Properties, LLC,

      Debtor.
_____/

**ORDER APPROVING DEBTOR'S APPLICATION TO EMPLOY
TERRY SPRAGUE OF LUXE | FORBES GLOBAL PROPERTIES AS REALTOR**

      THIS CASE came on for consideration of the Application to Employ Terry Sprague of Luxe | Forbes Global Properties as Realtor (Doc. No. 40) ("Application") filed by H2O Investment Properties, LLC, the above-captioned debtor and debtor in possession ("Debtor"). Through the Application, the Debtor seeks to employ Terry Sprague of Luxe | Forbes Global Properties (the "Professional") as the Debtor's realtor on the terms provided in the listing agreement attached to the Application (the "Listing Agreement"). The Motion was served upon all interested parties under the negative notice provisions of Local Rule 2002-4 informing the parties of their opportunity to respond within fourteen days, plus three days if the Motion was served on any party by U.S. Mail. No party filed a timely objection to the Motion; the Court therefore considers the Motion to be unopposed. The Court, after due deliberation and review of

the Application and record, finds: (i) consideration of the Application is a core proceeding pursuant to 28 U.S.C. § 157, (ii) constitutional authority exists to enter an order regarding the Application; (iii) venue is proper pursuant to 28 U.S.C. §§ 1408-1409; (iv) bases exist for the relief requested pursuant to section 327 of Title 11 of the United States Code ("Bankruptcy Code"), rule 2014 of the Federal Rules of Bankruptcy Procedure (each such rule a "Bankruptcy Rule" and, jointly and collectively, "Bankruptcy Rules"), and Local Rule 2016-1; (v) service and notice of the Application was adequate; and (vi) the Application should be approved. Accordingly, it is

**ORDERED**:

1. The Application is **APPROVED**.

2. The Debtor is authorized to employ the Professional upon the Listing Agreement's terms.

3. The Professional's compensation will be determined later in accordance with Bankruptcy Code section 330. The Proposed Compensation (as defined in the Application) is not guaranteed and is subject to review.

4. No payment may be made to the Professional absent submission of an application for compensation and Court approval thereof.

Attorney Christian Garrett Haman is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.