**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**
**www.flmb.uscourts.gov**

In re:

Chapter 11
Case No.: 2:23-bk-00373-FMD

**H2O Investment Properties LLC**,

Debtor.

_____/

**OBJECTION TO CONFIRMATION**
**OF DEBTOR'S PROPOSED CHAPTER 11 PLAN [D.E. 53]**

Secured Creditor, BCMB1 Trust, its successors and/or assignees ("**Secured Creditor**"), objects to confirmation of the H2O Investment Properties LLC's ("**Debtor**") proposed Chapter 11 Plan [D.E. 53] (the "Plan") filed on July 3, 2023, and states:

**BACKGROUND**

1.      On February 1, 2007, Brad Hiday and Melinda Hiday (the "Hidays") executed and delivered a Promissory Note ("Note") and a Mortgage ("Mortgage") securing payment of the Note in the total amount of One Hundred Fifty Thousand Dollars ($150,000.00) to Countrywide Bank, N.A.

2.      The Mortgage was then recorded on February 7, 2007 in the Public Records of Clackamas County, Oregon, Instrument # 2007-010910, and provides BCMB1 with a lien on the real property commonly known as 30620 SW ROSE LN, WILSONVILLE, OR 97070 ("Property") and legally described as:

Lot 2, BUCK'S LANDING, in the City of Wilsonville, Clackamas County, Oregon.

EXCEPTING THEREFROM:   A tract of land located in the Northeast One-Quarter of Section 24, Township 3 South, Range 1 West of the Willamette Meridian, in the City of Wilsonville, Clackamas County, Oregon being a portion of Lot 2, BUCK'S LANDING, as recorded in Book 120, Page 8, Clackamas County Plat Records, said tract more particularly described as follows:

Beginning at a point on the easterly line of said Lot 2 that bears South 33°49'32" East, a distance of 84.65 feet from the most northerly property corner; thence North 89°06'12" East 43.92 feet; thence South 00°55'15" East 67.86 feet and thence North 33°49'32" West 83.83 feet to the point of beginning.

TOGETHER WITH that access easement as delineated on plat of BUCK'S LANDING

3.　　The loan was subsequently transferred from Countrywide Bank, N.A to BCMB1.

4.　　On March 2, 2015, the Hidays transferred the property to Turning Leaf Homes, LLC by virtue of a deed recorded on March 9, 2015 in the Public Records of Clackamas County, Oregon, Instrument # 2015-012251 (the "First Deed").

5.　　On November 19, 2021, the Turning Leaf Homes, LLC transferred the property to Brilliant Homes LLC by virtue of a deed recorded on November 19, 2021 in the Public Records of Clackamas County, Oregon, Instrument # 2021-203506 (the "Second Deed").

6.　　On November 22, 2022, BCMB1 initiated its nonjudicial foreclosure through recording its Notice of Default and Election to Sell (the "Notice of Default") as to the Property in the Public Records of Clackamas County, Oregon with the total required to payoff listed as $396,626.22.  Pursuant to the Notice of Default, the sale was scheduled for April 3, 2023.

7.　　On January 4, 2023, Ronald Sapp and Michelle Baron established the Debtor as a Florida Domestic Limited Liability Company.

8.　　On January 11, 2023, Brilliant Homes LLC transferred the property to the Debtor by virtue of a deed recorded on January 11, 2023 in the Public Records of Clackamas County, Oregon, Instrument # 2023-001039 (the "Third Deed").

9.      On April 2, 2023 ("Petition Date"), H2O Investment Properties LLC ("Debtor") filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code, Subchapter V [D.E. 1].

10.      On June 12, 2023, BCMB1 timely filed a secured claim [Proof of Claim 2-1] (the "Claim") which reflects a total claim amount of $402,987.00.

11.      On July 3, 2023, the Debtor filed the Plan which includes the Claim in Class 13 which proposes to strip the lien pursuant to the Motion to Determine Secured Status and indicates Secured Creditor will have no other recourse against the Debtor.

## OBJECTION

### I. Class 13 Treatment is Not Permissible.

1.      11 U.S.C § 506 does not allow the Debtor to "strip" BCMB1's lien for the reasons indicated in Secured Creditor's Objection to Debtor's Second Amended Motion to Determine Secured Status of Claim [D.E. 82].

### II. The Plan Violates the Best Interests of Creditors Test of 11 U.S.C. §1129(a)(7)(A)

2.      The Debtor bears the burden of proving that each impaired claimant has either approved the plan or will receive under the Amended Plan no less than such claimant would receive under a Chapter 7 liquidation. 11 U.S.C. § 1129(a)(7)(A)(ii). Here, the Debtor has failed to show that the distribution to Class 13 Creditor under the Plan will be more than Secured Creditor would receive from a liquidation.

3.      Under the Plan, Secured Creditor would receive a total of $0.00.  The Debtor's Liquidation Analysis includes a property value of $850,000.  However, the actual value is closer

to the value listed on Debtor's Schedules, $1,400,000.00.  Consequently, a Chapter 7 liquidation would result in a distribution on Secured Creditor's claim well above $0.00.  Hence, the Plan violates the Bests Interests of Creditors Test and cannot be confirmed pursuant to 11 U.S.C. §1129(a)(7)(A).

### III.  The Plan is Not Fair and Equitable under 11 U.S.C. § 1129(b)(2).

4.      Pursuant to 11 U.S.C. § 1129(b)(2), a plan is fair and equitable if the plan provides that each holder of a claim of such class receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property. As discussed above, since there is equity in the property, Secured Creditor's Claim is a secured claim.

5.      Pursuant to 11 U.S.C. § 506(a), an allowed claim of a creditor secured by a lien on property in which the estate has an interest is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property.  Therefore, the allowed claim is the full amount of the Claim as filed. Thus, in order for the Plan to be fair and equitable pursuant to 11 U.S.C. § 1129(b)(2), the Plan must provide to Secured Creditor deferred cash payments totaling at least $402,987.00.

6.      Hence, the plan is not fair and equitable and cannot be crammed down over Secured Creditor's objection and thus, cannot be confirmed as a matter of law.

## IV.    Non-Recourse Provisions are Not Permissible Pursuant to 11 U.S.C. § 1111(b)(1).

7.    Pursuant to 11 U.S.C. § 1111(b)(1)(A), a claim secured by a lien on property of the estate shall be allowed or disallowed under section 502 of this title the same as if the holder of such claim had recourse against the debtor on account of such claim, whether or not such holder has such recourse.

8.    Therefore, by operation of 11 U.S.C. § 1111(b)(1)(A), the Debtor's Plan proposing nonrecourse from the Debtor after stripping of Secured Creditor's lien is impermissible. If the Debtor is successful in stripping Secured Creditor's lien, pursuant to , Secured Creditor is entitled to an unsecured claim and distribution on said claim. Therefore, the Plan that fails to address the unsecured claim cannot be confirmed.

## V. The Plan Does Not Support a Finding of Good Faith under 11 U.S.C § 1129(a)(3).

9.    In light of the Debtor being created a few days prior to the transfer of the property from Brilliant Homes LLC to the Debtor and Debtor's acknowledgment that the transfer was made for the purpose of filing bankruptcy, it is clear that the Debtor does not intend to properly use the bankruptcy process. It is clear that the equitable interest in the property is still held by Brilliant Homes LLC. However, for whatever reason, Brilliant Homes LLC is seeking to take advantage of the bankruptcy process while avoiding exposing the Brilliant Home's financial records and making statements under penalty of perjury.

10.    For these reasons, the Debtor has failed to meet its burden of showing the Plan is proposed in good faith and therefore, the Plan is not in compliance with the requirements of 11 U.S.C. §1129  and cannot be confirmed. Secured Creditor reserves the right to supplement this Objection.

**WHEREFORE**, Secured Creditor respectfully objects to confirmation of the proposed amended Plan and requests the following:

1.        That confirmation of the proposed amended Chapter 11 Plan be denied;

2.        For attorney's fees and costs incurred herein;

3.        For such other and further relief that this Court deems just and proper.

**Dated: August 9, 2023**

Respectfully submitted,

**GHIDOTTI | BERGER, LLP**
*Attorneys for Secured Creditor*
1031 North Miami Beach Blvd.
North Miami Beach, FL 33162
Telephone: 305.501.2808
Facsimile: 954.780.5578
bknotifications@ghidottiberger.com

By: /s/ Melbalynn Fisher
Melbalynn Fisher, Esq. (FL Bar #107698)

## CERTIFICATE OF SERVICE

On August 9, 2023, I served the foregoing document described as Objection to Confirmation of Debtor's Proposed Amended Chapter 11 Plan on the following individuals by electronic means through the Court's ECF program:

**COUNSEL FOR DEBTOR**
Michael R Dal Lago
999 Vanderbilt Beach Road, Suite 200
Naples, FL 34108

Christian G Haman
Dal Lago Law

999 Vanderbilt Beach Road, Suite 200
Naples, FL 34108

Jennifer M Duffy
Dal Lago Law
999 Vanderbilt Beach Road, Suite 200
Naples, FL 34108

**CHAPTER 11 TRUSTEE**
Michael C Markham
401 E. Jackson Street
Ste 3100
Tampa, FL 33602

**U.S. TRUSTEE**
United States Trustee - FTM
Timberlake Annex, Suite 1200
501 E. Polk Street
Tampa, FL 33602

**U.S. TRUSTEE COUNSEL**
Benjamin E. Lambers
Timberlake Annex
501 E. Polk Street, Suite 1200
Tampa, FL 33602

By depositing true copies thereof in the United States mail at North Miami Beach, Florida, enclosed in a sealed envelope, with postage paid, addressed as follows:

**DEBTOR**
H2O Investment Properties LLC
999 Vanderbilt Beach Road
Suite 200
Naples, FL 34108

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By: /s/ Melbalynn Fisher
      Melbalynn Fisher, Esq.

Label Matrix for local noticing
113A-2
Case 2:23-bk-00373-FMD
Middle District of Florida
Ft. Myers
Tue Aug  1 11:33:40 EDT 2023

H2O Investment Properties LLC
999 Vanderbilt Beach Road
Suite 200
Naples, FL 34108-3512

UMB Bank, National Association, not in its i
Greenspoon Marder LLP
c/o Lindsey Savastano, Esq.
100 West Cypress Creek Rd., Suite 700
Fort Lauderdale, FL 33309-2195

Arbor Village Homeowners Assoc
13106 SE 240th St Ste 200
Kent, WA 98031-9212

BCMB1 Trust
Planet Home Lending, LLC
321 Research Parkway, Suite 303
Meriden CT 06450-8342

Brilliant Homes LLC
4035 SE 52ND AVE STE A
Portland, OR 97206-3913

Citadel Servicing Corp
15707 Rockfield Blvd, Ste 320
Irvine, CA 92618-2874

Citadel Servicing Corp
3220 El-Camino Real
Irvine, CA 92602-1377

Citadel Servicing Corporation
3 Ada Parkway, Suite 200A
Irvine, CA 92618-2322

City of Oregon City
625 Center Street
Oregon City, OR 97045-2253

Clackamas County Service District
Water / Sewer Dept
150 Beavercreek Road #430
Oregon City, OR 97045-4302

Clackamas County Tax Collector
Real Estate taxes
2051 Kaen Rd
Oregon City, OR 97045-4035

DJ Property Solutions, LLC
1609 Blue Quail Lane
College Station, TX 77845-6113

Deem Realty Funding Inc
11623 Zingelmann Rd
Galveston, TX 77554-9449

Department of Revenue
PO Box 6668
Tallahassee FL 32314-6668

Greenspoon Marder LLP
c/o Trustee Corps
17100 Gillette Avenue
Irvine, CA 92614-5603

Gretchen Pan & Zianghua 'Ed' Pan
c/o Troy G. Sexton, Esq.
117 SW Taylor, Ste 300
Portland, OR 97204-3029

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Loan Processing Servicing Corp
19528 Ventura Blvd , #502
Tarzana, CA 91356-2917

(p)OREGON STATE CREDIT UNION
PO BOX 306
CORVALLIS OR 97339-0306

Planet Home Lending
321 Research Pkwy #303
Meriden, CT 06450-8342

Quality Loan Service Corp of Washington
108 1st Ave S, Seattle
Seattle, WA 98104-2538

Shell Point Mortgage Services
2100 E Elliot Rd, Ste A
Tempe , AZ 85284-1806

Trustee Corps
606 W. Gowe Street
Kent, WA 98032-5744

UMB Bank, National Association
c/o Lindsey Savastano, Esq.
100 West Cypress Creek Rd., Suite 700
Fort Lauderdale, FL 33309-2195

Umpqua Bank
707 West Main St
PO Box 2224
Spokane , WA 99210-2224

United States Trustee - FTM
Timberlake Annex, Suite 1200
501 E. Polk Street
Tampa, FL 33602-3949

Christian G Haman
Dal Lago Law
999 Vanderbilt Beach Road, Suite 200
Naples, FL 34108-3512

Jennifer M Duffy
Dal Lago Law
999 Vanderbilt Beach Road, Suite 200
Naples, FL 34108-3512

Michael C Markham
401 E. Jackson Street
Ste 3100
Tampa, FL 33602-5228

Michael R Dal Lago
999 Vanderbilt Beach Road, Suite 200
Naples, FL 34108-3512

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Oregon State Credit Union
PO Box 306
Corvallis, OR 97339

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u) BCMB1 Trust | (d)Deem Realty Funding Inc.<br>11623 Zingelmann Rd<br>Galveston, TX 77554-9449 | (u)Jennifer Sirrine |
| (u)Naples Business Suites LLC<br>Concierge Executive Offices<br>999 Vanderbilt Beach Road, Ste 200 | (u)Terry Sprague<br>Luxe   Forbes Global Properties | End of Label Matrix<br>Mailable recipients    30<br>Bypassed recipients     5<br>Total                  35 |