ORDERED.

**Dated:  September 18, 2023**

_Caryl E. Delano_ (signature)

Caryl E. Delano
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

In re:                                                  Case No. 2:23-bk-00373-FMD
                                                        Chapter 11

H2O Investment Properties, LLC,

            Debtor.
_____/

**ORDER (I) CONFIRMING FIRST AMENDED PLAN OF REORGANIZATION
FOR SMALL BUSINESS UNDER CHAPTER 11, SUBCHAPTER V,
AS FURTHER AMENDED AND MODIFIED HEREIN; AND
 (II) SETTING POST-CONFIRMATION STATUS CONFERENCE**
(Related Doc. No. 90)

THIS CASE came on for a continued hearing on August 28, 2023, at 1:30 pm EDT (the

"Hearing") upon the First Amended Plan of Reorganization for Small Business Under Chapter

11, Subchapter V (Doc. No. 90) (the "Plan") filed on August 11, 2023 by H2O Investment

Properties, LLC, the above-captioned debtor and debtor in possession ("Debtor"). The Court has

reviewed the evidence presented and the record of this case, including the Confirmation

Affirmation of Ronald Sapp (Doc. No. 98) ("Confirmation Affirmation"). Having considered the

evidence presented, the arguments of counsel, and being otherwise fully advised in the premises,

after notice and a hearing, the Court finds and concludes as follows:

## FINDINGS OF FACTS & CONCLUSIONS OF LAW

A.    **Jurisdiction**. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, the United States District Court's general order of reference, and other various applicable provisions of Title 11 of the United States Code (the "Bankruptcy Code") and the Federal Rules of Bankruptcy Procedure ("FRBP").

B.    **Venue**. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

C.    **Notice**. Due, adequate, and sufficient notice of the Plan and the order setting a hearing on confirmation (Doc. No. 58) were served upon all creditors, interest holders, and parties requesting notice. Accordingly, the method of service and solicitation of acceptance of the Plan, notice of the hearing to consider confirmation of the Plan, and notices of all other deadlines or requirements relating thereto (collectively, the "Confirmation Deadlines") were in compliance with the FRBP, were adequate and reasonable under the circumstances of this case, and no further or additional notice of the confirmation hearing or the confirmation deadlines was necessary or required.

D.    **Objections to Confirmation**. Present at the Hearing were Michael R. Dal Lago, Esq. for the Debtor, Melbalynn Fisher on behalf of BCMB1 Trust ("BCMB1"), Subchapter V Trustee Michael Markham, and Benjamin Lambers on behalf of the United States Trustee. No objections to the Plan were filed.[1]

---

[1] BCMB1 filed an Objection to Confirmation of Debtor's Proposed Chapter 11 Plan (Doc. No. 89) ("Objection") as to the Debtor's Plan of Reorganization for Small Business Under Chapter 11, Subchapter V (Doc. No. 53) ("Original Plan"), and initially voted to reject the Original Plan. However, BCMB1 voted to accept the Plan, and the Objection is moot.

E.      **Ballots**. The Plan and Confirmation Affirmation reflect that Classes 2, 4, 5, 6, 7, 8, 9, 13, 14, 16, and 17 are impaired. Classes 6, 7, 8, 9, 11[2], and 13 voted to accept the Plan, whereas Classes 2, 4, 14, 16, and 17 failed to vote on the Plan. No Classes voted to reject the Plan. A true and correct copy of the ballots cast is attached as Composite Exhibit "A".

F.      **Proper Classification of Claims**. The Plan adequately and properly identifies and classifies all claims. Pursuant to Bankruptcy Code section 1122(a), the claims placed in each class are substantially similar to other claims in each such class. Pursuant to Bankruptcy Code section 1123(a)(1), valid legal and business reasons exist for the various classes of claims created under the Plan and such classification does not unfairly discriminate among holders of claims. The classification of claims in the Plan is reasonable.

G.      **Specified Unimpaired Classes**. The Plan specifies all classes or claims or interests that are not impaired under the plan.

H.      **Specified Treatment of Impaired Classes**. The Plan specifies the treatment of all classes of claims or interests that are impaired under the Plan.

I.      **No Discrimination**. The Plan provides for the same treatment of claims or interests in each respective class unless the holder of a particular claim or interest has agreed to a less favorable treatment of such claim or interest.

J.      **Implementation of the Plan**. Pages 2 and 3 of the Plan provide adequate means for the Plan's implementation.

---

[2] Class 11 is unimpaired under the Plan, but cast a ballot accepting the Plan.

K.     **Interests of the Creditors, Equity Security Holders, & Public Policy**. The Plan contains only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the Plan and any successor to such officer, director, or trustee.

L.     **Assumption & Rejection**. Article 6 of the Plan, pursuant to Bankruptcy Code section 365, provides for the assumption, rejection, or assignment of any executory contract or unexpired lease of the Debtor not previously rejected under such section.

M.     **Additional Plan Provisions**. Each of the provisions of the Plan is appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

N.     **Principal Purpose of the Plan**. The principal purpose of the plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

O.     **Subchapter V Plan Requirements**. The Plan complies with Bankruptcy Code section 1189 because it was filed by the Debtor not later than 90 days after the order for relief under Chapter 11, or the Court extended the period because the need for the extension was attributable to circumstances for which the Debtor should not justly be held accountable.

P.     **Contents of a Subchapter V Plan**. In compliance with Bankruptcy Code section 1190, the Plan includes: (1) a brief history of the business operations of the debtor, (2) a liquidation analysis, and (3) projections with respect to the ability of the Debtor to make payments under the proposed plan for reorganization. The Plan provides for either (i) a surrender of the Debtor's real property to its secured creditors, (ii) a sale of the West Linn Property, with the proceeds of sale being utilized to pay the West Linn Creditors[3] in full, or in a reduced amount

---

[3] The West Linn Creditors consist of the following creditors in order of lien priority: 1. Citadel Servicing Corp., 2. Umpqua Bank, 3. Loan Processing Servicing Corp., 4. Ms. Jennifer Sirrine, and 5. Oregon State Credit Union.

agreed to by the West Linn Creditors, or (iii) or refinancing of the debt secured by the

Wilsonville Property with the proceeds of the refinancing being utilized to pay the Wilsonville

Creditors[4] in full, or in a reduced amount as agreed to by the Wilsonville Creditors. The future

earnings, or other future income, of the Debtor is no relevant under the Plan.

Q.     **Satisfaction of Conditions**. The Court finds that, notwithstanding Bankruptcy

Code section 510(a), the Plan (1) satisfies the applicable requirements of Bankruptcy Code

section 1129(a), and (2) does not discriminate unfairly, and is fair and equitable, with respect to

each class of claims or interests that is impaired under, and has not accepted, the Plan. As a

result, the Plan is confirmed under Bankruptcy Code section 1191(b). With respect to the

applicable provisions of Bankruptcy Code section 1129(a), the Court finds and concludes as

follows:

1.     The Plan complies with the applicable provisions of the Bankruptcy Code.

2.     The Plan was proposed in good faith and not by any means forbidden by

law.

3.     Any payment made or to be made by the Debtor, for services or for costs

and expenses in or in connection with the case, or in connection with the Plan and

incident to the case, has been approved by, or is subject to the approval of, the Court as

reasonable.

4.     The Plan has disclosed the identity and affiliations of any individual

proposed to serve, after confirmation of the plan, as a director, officer, or voting trustee

of the Debtor; and the appointment to, or continuance in, such office of such individual,

---

[4] The Wilsonville Creditors consist of the following creditors in order of lien priority: 1. Shell Point Mortgage Services, 2. Planet Home Lending (BCMB1), 3. Arbor Village Homeowners Association, 4. City of Oregon City, 5. Deem Realty Funding, Inc., 6. DJ Property Solutions, Inc., and 7. Xianghua "Ed" Pan and Gretchen Pan.

is consistent with the interests of creditors and equity security holders, and with public policy; and the Plan proponent has disclosed the identity of any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider.

5.      The Plan provides that, with respect to each impaired class of claims or interests, each holder of a claim or interest of such class has accepted the plan, or will receive or retain under the plan on account of such claim or interest, property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date, or each holder of a claim of such class will receive or retain under the plan, on account of such claim, property of a value, as of the effective date of the plan, that is not less than the value of such holder's interest in the estate's interest in the property that secures such claims in compliance with Bankruptcy Code section 1111(b)(2).

6.      Except to the extent that the holder of such claim agrees to a different treatment of such claim, the Plan provides that the sole tax claim entitled to priority under Section 507(a)(8) of the Bankruptcy Code—held by the Clackamas County Tax Collector—will be paid in full upon sale or refinancing of the property upon which it was levied.

7.      Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan.

8.      All fees payable under 28 U.S.C. § 1930, as determined by the Court at the hearing on confirmation of the plan, have been paid or the plan provides for the payment of all such fees on the effective date of the Plan.

9.      All transfers of property under the Plan shall be made in accordance with any applicable provisions of nonbankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

R.      **Requirements for Secured Claims**. With respect to the secured claims in Classes 1 through 15, Bankruptcy Code section 1111(b)(1(A)(ii) applies, and the Plan meets the requirements of Bankruptcy Code section 1129(b)(2)(A).

1.      Classes 1 through 15 arise from non-recourse obligations, and the Plan provides for the disposition of the collateral securing such obligations.

2.      As of the Effective Date of the Plan –

a.      The Plan provides that all of the projected disposable income of the Debtor to be received in the 3-year period beginning on the date that the first payment is due under the Plan will be applied to make payments under the Plan; or

b.      The value of property to be distributed under the Plan in the 3-year period beginning on the date on which the first distribution is due under the plan is not less than the projected disposable income of the debtor.

c.      The Court finds that the Debtor has provided appropriate projections which provide for the Debtor's "disposable income" under the Plan defined as the income that is received by the Debtor and that is not reasonably

necessary to be expended for the payment of expenditures necessary for the continuation, preservation, or operation of the business of the Debtor.

 3. The Debtor will be able to make all payments under the Plan, or there is a reasonable likelihood that the Debtor will be able to make all payments under the Plan, and the Plan provides appropriate remedies, which may include the liquidation of nonexempt assets, to protect the holder of claims or interests in the event that the payments are not made.

 S. **Post-Confirmation Status Conference**. A post-confirmation status conference should be set for September 21, 2023 at 9:30 a.m. EDT.

Accordingly, it is

**ORDERED**:

 1. **Confirmation**. The Plan is confirmed under Bankruptcy Code section 1191(b).

 2. **Binding Effect of Plan**. Pursuant to Bankruptcy Code section 1141(a), except as provided in Bankruptcy Code sections 1141(d)(2) and (3), the provisions of the Plan as of the Effective Date bind the debtor and any creditor, whether or not the claim or interest of such creditor is impaired under the plan, and whether or not such creditor has accepted the Plan.

 3. **Re-vesting of Property**. Under Bankruptcy Code section 1141(b), except as otherwise provided in the Plan or in this Confirmation Order, as of the Effective Date, all of the property of the estate remains in the estate. Except as provided in Bankruptcy Code sections 1141(d)(2) and (3) and except as otherwise provided in the Plan or in this Order, after confirmation of the Plan, the property dealt with by the Plan is free and clear of all claims and interests of creditors.

4. **Post-Confirmation Operation of Business**. Except as otherwise provided in the Plan or in this Confirmation Order, on and after the Effective Date, the Debtor may operate its business and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code and FRBP and in all respects as if there were no pending case under any chapter or provisions of the Bankruptcy Code. The Debtor is entitled to retain and compensate professionals without the necessity of further approval of this Court. Except as set forth in the Plan concerning objections to claims, the Debtor may also settle or compromise any claims without Court approval.

5. **Non-Recourse**. Classes 1 through 15 shall not have recourse against the Debtor on account of their claims.  Instead, the Debtor will either pay such claims in full or will surrender the property to the benefit of the holders of claims in Classes 1 through 15. As provided for in the Plan, in the event that either the the Wilsonville Property or the West Linn Property is deemed surrendered, the Creditors holding secured claims against such property will not have any *in personam* recourse against the Debtor or the estate on account of their claims and the automatic stay shall be deemed modified in favor of such creditors.

6. **Proceeds of Sale and Refinance**. The Plan contemplates the sale or surrender of 909 SW Schaeffer Road, West Linn, OR 97068 (the "West Linn Property") and refinancing or surrender of 30620 SW Rose Lane, Wilsonville, OR 97070 (the "Wilsonville Property"). To the extent such sale and refinancing occur, the proceeds of sale and refinancing shall be in the order and amounts set forth on Exhibit "B".

7. **West Linn Adequate Protection Payments**.

Citadel Servicing Corp.: The Debtor shall continue making adequate protection payments in the amount of $9,507.26 to UMB Bank, National Association, not in its individual capacity

but solely as legal title trustee of LVS Title Trust XIV[5] ("Citadel Servicing Corp."), pursuant to the Agreed Order Denying Amended Motion for Relief from Automatic Stay (Doc. No. 60). Such payments shall continue on a monthly basis until such time as either Citadel Servicing Corp is paid in full in an amount that is agreed to by the parties, or the West Linn Property is sold, abandoned, or surrendered.

Umpqua Bank.: The Debtor has agreed to make monthly adequate proptection payments to Umpqua Bank in the form of interest only payments at 9% on the principal balance of $100,000.  The Debtor shall begin making these adequate protection payments within 14 days of the Effective Date and shall continue making the adequate protection payments on a monthly basis until such time as either Umpqua Bank is paid in full in an amount that is agreed to by the parties, or the West Linn Property is sold, abandoned, or surrendered.

All Other West Linn Creditors: Upon receipt of a written request from Ms. Jennifer Sirrine ("Ms. Sirrine"), Oregon State Credit Union ("OSCU"), or Loan Processing Servicing Corp. ("LPSC" and collectively with Ms. Sirrine and OSCU, the "Remaining West Linn Creditors"), the Debtor will make monthly adequate protection payments in an amount not to exceed Three Percent (3%) interest on the principal balance of the secured debt, beginning on the first day of each calendar month until such time as either the Remaining West Linn Creditors are paid in full in an amount that is agreed to by the parties, or the West Linn Property is sold, abandoned, or surrendered; the Debtor shall not be required to make adequate protection payments to the Remaining West Linn Creditors unless a written request for such payments is

---

[5] Identified in the Plan as Citadel Servicing Corp., and as holding a Class 3 Claim.

received by the Debtor.  Unrequested adequate protection payments shall not accrue as claims against the Debtor.

      8.      **Wilsonville Adequate Protection Payments**.

<u>Citadel Servicing Corp.</u>: The Debtor shall continue making adequate protection payments in the amount of $1,485.44 to BCMB1, pursuant to the Agreed Order Granting BCMB1 Trust's Amended Motion for Prospective Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(D)(4)(A) [D.E. 52] Effective 60 Days from the Plan's Effective Date and Granting Adequate Protection (Doc. No. 101).  Such payments shall continue on a monthly basis until such time as either BCMB1 is paid in full in an amount that is agreed to by the parties, or the Wilsonville Property is sold, abandoned, or surrendered.

<u>All Other Wilsonville Creditors</u>: Upon receipt of a written request from Shell PointMortgage Services ("Shell Point"), Arbor Village Homeowners Association ("Arbor"), City of Oregon City ("Oregon City"), Deem Realty Funding, Inc. ("Deem"), DJ Property Solutions, Inc. ("DJ"), and Xianghua "Ed" Pan and Gretchen Pan (collectively, the "Pans", and together with Shell Point, Arbor, Oregon City, Deem, and DJ, the "Remaining Wilsonville Creditors"), the Debtor will make monthly adequate protection payments in an amount not to exceed Three Percent (3%) interest on the principal balance of the secured debt, beginning on the first day of each calendar month until such time as either the Remaining Wilsonville Creditors are paid in full in an amount that is agreed to by the parties, or the Wilsonville Property is sold, abandoned, or surrendered; the Debtor shall not be required to make adequate protection payments to the Remaining Wilsonville Creditors unless a written request for such payments is received by the Debtor.  Unrequested adequate protection payments shall not accrue as claims against the Debtor.

9.      **Injunction and Discharge**. The Debtor shall not receive a discharge.

10.     **Disbursing Agent**. The Debtor shall make payments under the Plan.

11.     **United States Trustee Guidelines**. The Debtor must comply with the guidelines set forth by the Office of the United States Trustee until the closing of this case by the issuance of a Final Decree by the Bankruptcy Court.

12.     **Effect of Confirmation Order on Plan**. The failure to reference or address all or part of any particular provision of the Plan herein has no effect on the validity, binding effect, or enforceability of such provision and such provision has the same validity, binding effect, and enforceability as every other provision of the Plan. To the extent that any inconsistencies exist between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

13.     **Executory Contracts and Leases**. Except as otherwise provided in a separate order of the Court, all executory contracts and unexpired leases not otherwise assumed are deemed rejected as of the Effective Date.

14.     **Final Fee Applications**. To the extent any professionals, including but not limited to Dal Lago Law and the Subchapter V Trustee, seek an award of compensation for services rendered or reimbursement of expenses incurred through and including the date of the Confirmation Hearing, such professional shall file its respective application for allowance of compensation for services rendered and reimbursement of expenses incurred by the date that is twenty-one (21) days from the date of entry of this Order.

15.     **Service of Confirmation Order**. Michael R. Dal Lago, Esq. is directed to serve a copy of this Order on all parties and file a certificate of service within five (5) days of the entry of this Order.

16.     **Documents Required to Effectuate Plan**. The Debtor is authorized to execute any and all documents reasonably required to effectuate the provisions of the Plan or prior Orders of this Court.

17.     **Modification After Confirmation**. Under Bankruptcy Code section 1193(c), the Debtor may modify the Plan at any time within 3 years, but may not modify the Plan so that the Plan as modified fails to meet the requirements of Bankruptcy Code section 1191(b). The Plan as modified becomes the Plan only if circumstances warrant such modification and the Court, after notice and a hearing, confirms such plan, as modified, under Bankruptcy Code section 1191(b).

18.     **Discharge of the Subchapter V Trustee**. Except as provided in the Plan or this Confirmation Order, the Debtor shall make payments to creditors under the Plan and the Subchapter V Trustee shall not be discharged until such payments have been made. Prior to the discharge of the Subchapter V Trustee, the Subchapter V Trustee shall comply with Bankruptcy Code section 1194 and distribute any applicable payments in accordance with the Plan.

19.     **Jurisdiction**. The Bankruptcy Court retains jurisdiction to:

   a.     Resolve issues with respect to the Debtor's substantial consummation of the Plan and to the extent the Debtor seeks to amend or modify the Plan;

   b.     Resolve any motions, adversary proceedings, or contested matters, that are pending as of the date of substantial consummation;

   c.     Adjudicate objections to claims;

   d.     Resolve disputes with respect to any and all injunctions created as a result of confirmation of the Plan;

   e.     Adjudicate modifications of the plan under Bankruptcy Code section 1193;

   f.     Review and consider issues associated with the Debtor's final report and entry of final decree, and to enter a final decree; and

g.  Enter such orders as the Court deems necessary or appropriate with respect to enforcement of the Plan, including enforcement against the Guarantor (as defined below).

20.  Pursuant to the Affidavit of Ronald Sapp ("Guarantor") attached to the Plan, the Guarantor shall be personally obligated for all adequate protection payments, allowed administrative costs and expenses, and allowed unsecured claims in this case.  The Guarantor has submitted to the jurisdiction of this Court and the Court has jurisdiction to enforce the Plan as to the Guarantor.

21.  The Debtor shall file a Notice of Effective Date upon the occurrence of the Effective Date under the Plan.

Attorney Michael R. Dal Lago is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.

# Composite

# Exhibit A

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

In re:                                                        Case No. 2:23-bk-00373-FMD
                                                              Chapter 11

H2O Investment Properties, LLC,

                    Debtor.

_____/


## BALLOT FOR ACCEPTING OR REJECTING PLAN OF
## REORGANIZATION FOR H2O INVESTMENT PROPERTIES, LLC

### TO HAVE YOUR VOTE COUNT, YOU MUST COMPLETE AND RETURN THIS
### BALLOT BY THE DEADLINE INDICATED BELOW

*On July 3, 2023, H2O Investment Properties, LLC, the above-captioned debtor (the "Debtor") filed the Debtor's Plan of Reorganization in this case in accordance with chapter 11 of the United States Bankruptcy Code (the "Plan of Reorganization") [Doc No. 53]. By Order, dated July 11, 2023, the Bankruptcy Court entered its Order Scheduling (I) Hearing on Confirmation of Plan of Reorganization, (II) Deadlines with Respect to Confirmation Hearing, and (III) Deadlines for Filing Administrative Expense Applications [Doc No. 58]. The Plan of Reorganization provides information to assist you in deciding how to vote your ballot.*

The Plan of Reorganization referred to in this ballot can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of two-thirds in dollar amount and more than half in number of the ballots cast in each class entitled to vote. In the event the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan of Reorganization if the Court finds that the Plan of Reorganization accords fair and equitable treatment to the class(es) rejecting it. Any and all capitalized terms used herein but not defined shall have the meaning ascribed to them in the Plan of Reorganization.

You should review the Plan of Reorganization before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. **Your claim has been placed in Class 7 under the Plan of Reorganization. If you hold claims and/or equities in more than one class, you will receive a ballot for each class in which you are entitled to vote and should submit a separate ballot for each class in which you are entitled to vote.**

Parties in interest shall submit to the Clerk's office their written ballot accepting or rejecting the Plan of Reorganization on or <u>before</u> August 9, 2023 (which is seven (7) days before the date of the Confirmation Hearing scheduled for August 16th, 2023).  To have your vote counted, you must complete and submit a ballot using the Court's CM/ECF system for those users with a login and password.  For those without a login and password, you may submit your ballot through the Chapter 11 eBallots link on the Court's website - <u>www.flmb.uscourts.gov</u> - or by mailing a completed ballot to the Clerk at the address below.

### ACCEPTANCE OR REJECTION OF THE PLAN OF REORGANIZATION

*This ballot is for creditors <u>Deem Realty Funding, Inc</u>, who hold a Class 6 Claim for the following type of claim placed in the indicated class in the indicated amount:*

| *TYPE OF CLAIM* | *CLASS IN PLAN OF REORGANIZATION* | *AMOUNT OF CLAIM* |
|---|---|---|
| **Secured Claim of Deem Realty Funding, Inc.** | 6 | $20,710.08 |

2

The undersigned, a Class 6 creditor of the above-named Debtor in the unpaid principal amount of $_____:

[**Check One Box Only**]

☒ ACCEPTS _____ REJECTS the Debtor's Plan of Reorganization.

Dated: _August 28, 2023_

Name of Creditor: _Deem Realty Funding, Inc._

Creditor's Signature: _Kristen Deem_

By (if appropriate): _____

As (if appropriate): _____

Address: _898 Garfield Ave_

_SVC, UT 84105_

_____

All ballots must be received **on or before** August 9, 2023.

RETURN A <u>COPY</u> OF THIS BALLOT TO:

Michael R. Dal Lago
DAL LAGO LAW
999 Vanderbilt Beach Road
Suite 200
Naples, Florida 34108

*Counsel for Debtor and Debtor-in-Possession,*
*H2O Investment Properties, LLC*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>MAIL TO</u>:                                      *For Ballot Tabulation Only*
                                            \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Clerk                                       Ballot No._____Creditor Class_____
United States Bankruptcy Court
Sam M. Gibbons United States Courthouse     Claim No._____Claim $_____
801 North Florida Avenue
Tampa, Florida 33602                        Claim Amount per Schedule $_____
                                            \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

3

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

In re:                                                      Case No. 2:23-bk-00373-FMD
                                                            Chapter 11

H2O Investment Properties, LLC,

        Debtor.

_____/

### BALLOT FOR ACCEPTING OR REJECTING PLAN OF
### REORGANIZATION FOR H2O INVESTMENT PROPERTIES, LLC

### TO HAVE YOUR VOTE COUNT, YOU MUST COMPLETE AND RETURN THIS
### BALLOT BY THE DEADLINE INDICATED BELOW

*On July 3, 2023, H2O Investment Properties, LLC, the above-captioned debtor (the "Debtor") filed the Debtor's Plan of Reorganization in this case in accordance with chapter 11 of the United States Bankruptcy Code (the "Plan of Reorganization") [Doc No. 53]. By Order, dated July 11, 2023, the Bankruptcy Court entered its Order Scheduling (I) Hearing on Confirmation of Plan of Reorganization, (II) Deadlines with Respect to Confirmation Hearing, and (III) Deadlines for Filing Administrative Expense Applications [Doc No. 58]. The Plan of Reorganization provides information to assist you in deciding how to vote your ballot.*

The Plan of Reorganization referred to in this ballot can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of two-thirds in dollar amount and more than half in number of the ballots cast in each class entitled to vote. In the event the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan of Reorganization if the Court finds that the Plan of Reorganization accords fair and equitable treatment to the class(es) rejecting it. Any and all capitalized terms used herein but not defined shall have the meaning ascribed to them in the Plan of Reorganization.

You should review the Plan of Reorganization before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. **Your claim has been placed in Class 7 under the Plan of Reorganization. If you hold claims and/or equities in more than one class, you will receive a ballot for each class in which you are entitled to vote and should submit a separate ballot for each class in which you are entitled to vote.**

Parties in interest shall submit to the Clerk's office their written ballot accepting or rejecting the Plan of Reorganization on or **before** August 9, 2023 (which is seven (7) days before the date of the Confirmation Hearing scheduled for August 16th, 2023). To have your vote counted, you must complete and submit a ballot using the Court's CM/ECF system for those users with a login and password. For those without a login and password, you may submit your ballot through the Chapter 11 eBallots link on the Court's website - **www.flmb.uscourts.gov** - or by mailing a completed ballot to the Clerk at the address below.

### ACCEPTANCE OR REJECTION OF THE PLAN OF REORGANIZATION

*This ballot is for creditors <u>Deem Realty Funding, Inc</u>, who hold a Class 7 Claim for the following type of claim placed in the indicated class in the indicated amount*:

| TYPE OF CLAIM | CLASS IN PLAN OF REORGANIZATION | AMOUNT OF CLAIM |
|---|---|---|
| **Secured Claim of Deem Realty Funding, Inc.** | 7 | $49,424.96 |

The undersigned, a Class 7 creditor of the above-named Debtor in the unpaid principal amount of
$_____:

[**Check One Box Only**]

☒ ACCEPTS          _____ REJECTS the Debtor's Plan of Reorganization.

Dated:              _August 28, 2023_____

Name of Creditor:   _Deem Realty Funding, Inc.___

Creditor's Signature: _Kirsten Deem_____

By (if appropriate):  _____

As (if appropriate):  _____

Address:            _858 Garfield Ave_____
                    _SLC, UT 84105_____
                    _____

All ballots must be received **on or before** August 9, 2023.

RETURN A <u>COPY</u> OF THIS BALLOT TO:

Michael R. Dal Lago
DAL LAGO LAW
999 Vanderbilt Beach Road
Suite 200
Naples, Florida 34108

*Counsel for Debtor and Debtor-in-Possession,*
*H2O Investment Properties, LLC*

*************************************************************************

<u>MAIL TO</u>:                          *For Ballot Tabulation Only*
                                   ***********************************
Clerk                              Ballot No._____Creditor Class_____
United States Bankruptcy Court
Sam M. Gibbons United States Courthouse   Claim No._____Claim $_____
801 North Florida Avenue
Tampa, Florida 33602               Claim Amount per Schedule $_____
                                   *********************************************

3

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

In re:

Case No. 2:23-bk-00373-FMD
Chapter 11

H2O Investment Properties, LLC,

Debtor.

_____/

## BALLOT FOR ACCEPTING OR REJECTING PLAN OF REORGANIZATION FOR H2O INVESTMENT PROPERTIES, LLC

### TO HAVE YOUR VOTE COUNT, YOU MUST COMPLETE AND RETURN THIS BALLOT BY THE DEADLINE INDICATED BELOW

*On July 3, 2023, H2O Investment Properties, LLC, the above-captioned debtor (the "Debtor") filed the Debtor's Plan of Reorganization in this case in accordance with chapter 11 of the United States Bankruptcy Code (the "Plan of Reorganization") [Doc No. 53]. By Order, dated July 11, 2023, the Bankruptcy Court entered its Order Scheduling (I) Hearing on Confirmation of Plan of Reorganization, (II) Deadlines with Respect to Confirmation Hearing, and (III) Deadlines for Filing Administrative Expense Applications [Doc No. 58]. The Plan of Reorganization provides information to assist you in deciding how to vote your ballot.*

The Plan of Reorganization referred to in this ballot can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of two-thirds in dollar amount and more than half in number of the ballots cast in each class entitled to vote. In the event the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan of Reorganization if the Court finds that the Plan of Reorganization accords fair and equitable treatment to the class(es) rejecting it. Any and all capitalized terms used herein but not defined shall have the meaning ascribed to them in the Plan of Reorganization.

You should review the Plan of Reorganization before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. **Your claim has been placed in Class 8 under the Plan of Reorganization. If you hold claims and/or equities in more than one class, you will receive a ballot for each class in which you are entitled to vote and should submit a separate ballot for each class in which you are entitled to vote.**

Parties in interest shall submit to the Clerk's office their written ballot accepting or rejecting the Plan of Reorganization on or <u>before</u> August 9, 2023 (which is seven (7) days before the date of the Confirmation Hearing scheduled for August 16th, 2023). To have your vote counted, you must complete and submit a ballot using the Court's CM/ECF system for those users with a login and password. For those without a login and password, you may submit your ballot through the Chapter 11 eBallots link on the Court's website – <u>www.flmb.uscourts.gov</u> - or by mailing a completed ballot to the Clerk at the address below.

### ACCEPTANCE OR REJECTION OF THE PLAN OF REORGANIZATION

*This ballot is for creditors <u>DJ Property Solutions, LLC</u>, who hold a Class 8 Claim for the following type of claim placed in the indicated class in the indicated amount:*

| TYPE OF CLAIM | CLASS IN PLAN OF REORGANIZATION | AMOUNT OF CLAIM |
|---|---|---|
| ☐ **Secured Claim of DJ Property Solutions, LLC** | 8 | $69,899.96 |

2

The undersigned, a Class 8 creditor of the above-named Debtor in the unpaid principal amount of
$ _69,899.96_

**[Check One Box Only]**

☒ ACCEPTS          ☐ REJECTS the Debtor's Plan of Reorganization.

Dated: _28/08/2023_

Name of Creditor: _DJ Property Solutions, LLC_

Creditor's Signature: _David S. Tan_

By (if appropriate): _Manager Member_

As (if appropriate): _____

Address: _9741 South 4,800 West_
_Payson, Utah 84651_

All ballots must be received **on or before** August 9, 2023.

RETURN A <u>COPY</u> OF THIS BALLOT TO:

Michael R. Dal Lago
DAL LAGO LAW
999 Vanderbilt Beach Road
Suite 200
Naples, Florida 34108

*Counsel for Debtor and Debtor-in-Possession,*
*H2O Investment Properties, LLC*

*******************************************************************************

MAIL TO:                          *For Ballot Tabulation Only*
                                  ***********************************
Clerk                             Ballot No._____Creditor Class_____
United States Bankruptcy Court
Sam M. Gibbons United States Courthouse   Claim No._____Claim $_____
801 North Florida Avenue
Tampa, Florida 33602              Claim Amount per Schedule $_____
                                  ***********************************************

3

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

In re:

Case No. 2:23-bk-00373-FMD
Chapter 11

H2O Investment Properties, LLC,

Debtor.

_____/

**BALLOT FOR ACCEPTING OR REJECTING PLAN OF
REORGANIZATION FOR H2O INVESTMENT PROPERTIES, LLC**

**TO HAVE YOUR VOTE COUNT, YOU MUST COMPLETE AND RETURN THIS
BALLOT BY THE DEADLINE INDICATED BELOW**

*On July 3, 2023, H2O Investment Properties, LLC, the above-captioned debtor (the "Debtor")
filed the Debtor's Plan of Reorganization in this case in accordance with chapter 11 of the
United States Bankruptcy Code (the "Plan of Reorganization") [Doc No. 53]. By Order, dated
July 11, 2023, the Bankruptcy Court entered its Order Scheduling (I) Hearing on Confirmation
of Plan of Reorganization, (II) Deadlines with Respect to Confirmation Hearing, and (III)
Deadlines for Filing Administrative Expense Applications [Doc No. 58]. The Plan of
Reorganization provides information to assist you in deciding how to vote your ballot.*

The Plan of Reorganization referred to in this ballot can be confirmed by the Court and thereby
made binding on you if it is accepted by the holders of two-thirds in dollar amount and more than
half in number of the ballots cast in each class entitled to vote. In the event the requisite
acceptances are not obtained, the Court may nevertheless confirm the Plan of Reorganization if
the Court finds that the Plan of Reorganization accords fair and equitable treatment to the
class(es) rejecting it. Any and all capitalized terms used herein but not defined shall have the
meaning ascribed to them in the Plan of Reorganization.

You should review the Plan of Reorganization before you vote. You may wish to seek legal
advice concerning the Plan and your classification and treatment under the Plan. **Your claim
has been placed in Class 9 under the Plan of Reorganization. If you hold claims and/or
equities in more than one class, you will receive a ballot for each class in which you are
entitled to vote and should submit a separate ballot for each class in which you are entitled
to vote.**

Parties in interest shall submit to the Clerk's office their written ballot accepting or rejecting the Plan of Reorganization on or <u>before</u> August 9, 2023 (which is seven (7) days before the date of the Confirmation Hearing scheduled for August 16th, 2023). To have your vote counted, you must complete and submit a ballot using the Court's CM/ECF system for those users with a login and password. For those without a login and password, you may submit your ballot through the Chapter 11 eBallots link on the Court's website - <u>www.flmb.uscourts.gov</u> - or by mailing a completed ballot to the Clerk at the address below.

## ACCEPTANCE OR REJECTION OF THE PLAN OF REORGANIZATION

*This ballot is for creditors <u>Gretchen Pan and Xianghua "Ed" Pan</u>, who hold a Class 9 Claim for the following type of claim placed in the indicated class in the indicated amount*:

| *TYPE OF CLAIM* | *CLASS IN PLAN OF REORGANIZATION* | *AMOUNT OF CLAIM* |
|---|---|---|
| € <u>**Secured Claim of Gretchen Pan and Xianghua "Ed" Pan**</u> | 9 | $6,305.00 |

2

The undersigned, a Class 9 creditor of the above-named Debtor in the unpaid principal amount of $ 6305.00 :

**[Check One Box Only]**

€ ACCEPTS          € REJECTS the Debtor's Plan of Reorganization.

Dated: 26 August 2023

Name of Creditor: Gretchen Pan    Xianghua Pan

Creditor's Signature: _Gretchen Pan_    _Pan_

By (if appropriate): (self)         (self)

As (if appropriate): (self)         (self)

Address: 3230 Croisan Creek Rd S.
Salem, OR 97302

All ballots must be received **on or before** August 9, 2023.

RETURN A COPY OF THIS BALLOT TO:

Michael R. Dal Lago
DAL LAGO LAW
999 Vanderbilt Beach Road
Suite 200
Naples, Florida 34108

*Counsel for Debtor and Debtor-in-Possession,*
*H2O Investment Properties, LLC*

*******************************************************************************

MAIL TO:

Clerk
United States Bankruptcy Court
Sam M. Gibbons United States Courthouse
801 North Florida Avenue
Tampa, Florida 33602

*For Ballot Tabulation Only*
***********************************

Ballot No._____Creditor Class_____

Claim No._____Claim $_____

Claim Amount per Schedule $_____
*******************************************

3

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

In re:                                                   Case No. 2:23-bk-00373-FMD
                                                         Chapter 11

H2O Investment Properties, LLC,

            Debtor.

_____/

**BALLOT FOR ACCEPTING OR REJECTING PLAN OF
REORGANIZATION FOR H2O INVESTMENT PROPERTIES, LLC**

**TO HAVE YOUR VOTE COUNT, YOU MUST COMPLETE AND RETURN THIS
BALLOT BY THE DEADLINE INDICATED BELOW**

*On July 3, 2023, H2O Investment Properties, LLC, the above-captioned debtor (the "Debtor")
filed the Debtor's Plan of Reorganization in this case in accordance with chapter 11 of the United
States Bankruptcy Code (the "Plan of Reorganization") [Doc No. 53]. By Order, dated July 11,
2023, the Bankruptcy Court entered its Order Scheduling (I) Hearing on Confirmation of Plan of
Reorganization, (II) Deadlines with Respect to Confirmation Hearing, and (III) Deadlines for
Filing Administrative Expense Applications [Doc No. 58]. The Plan of Reorganization provides
information to assist you in deciding how to vote your ballot.*

The Plan of Reorganization referred to in this ballot can be confirmed by the Court and thereby
made binding on you if it is accepted by the holders of two-thirds in dollar amount and more than
half in number of the ballots cast in each class entitled to vote. In the event the requisite
acceptances are not obtained, the Court may nevertheless confirm the Plan of Reorganization if
the Court finds that the Plan of Reorganization accords fair and equitable treatment to the class(es)
rejecting it. Any and all capitalized terms used herein but not defined shall have the meaning
ascribed to them in the Plan of Reorganization.

You should review the Plan of Reorganization before you vote. You may wish to seek legal advice
concerning the Plan and your classification and treatment under the Plan. **Your claim has been
placed in Class 11 under the Plan of Reorganization. If you hold claims and/or equities in
more than one class, you will receive a ballot for each class in which you are entitled to vote
and should submit a separate ballot for each class in which you are entitled to vote.**

**Parties in interest shall submit to the Clerk's office their written ballot accepting or rejecting the Plan of Reorganization on or before August 9, 2023 (which is seven (7) days before the date of the Confirmation Hearing scheduled for August 16th, 2023).  To have your vote counted, you must complete and submit a ballot using the Court's CM/ECF system for those users with a login and password.  For those without a login and password, you may submit your ballot through the Chapter 11 eBallots link on the Court's website - www.flmb.uscourts.gov - or by mailing a completed ballot to the Clerk at the address below.**

## ACCEPTANCE OR REJECTION OF THE PLAN OF REORGANIZATION

*This ballot is for creditor Loan Processing Services Corp.\*, who holds a Class 11 Claim for the following type of claim placed in the indicated class in the indicated amount*:

| *TYPE OF CLAIM* | *CLASS IN PLAN OF REORGANIZATION* | *AMOUNT OF CLAIM* |
|---|---|---|
| **Loan Processing Services Corp.** | 11 | $207,810.16, plus $33.34 per diem from November 21, 2022, until paid |

\*Note: Creditor improperly scheduled as "Loan Processing Servicing Corp."  Creditor's name is Loan Processing Services Corp.  *See* Clackamas County Instrument 2020-013702 (Creditor's Deed of Trust).

2

The undersigned, a Class 11 creditor of the above-named Debtor in the unpaid principal amount of $207,810.16, plus $33.34 per diem from November 21, 2022, until paid:

[**Check One Box Only**]

X ACCEPTS            REJECTS the Debtor's Plan of Reorganization.

Dated:                          08/25/2023

Name of Creditor:        Loan Processing Services Corp

Creditor's Signature:    *Cyrus Ahmadi*

By (if appropriate):        Cyrus Ahmadi

As (if appropriate):        C.F.O. / Director

Address:                        19528 Ventura Blvd.  #502
                                      Tarzana, CA 91356


All ballots must be received **on or before** August 9, 2023.

RETURN A <u>COPY</u> OF THIS BALLOT TO:

Michael R. Dal Lago
DAL LAGO LAW
999 Vanderbilt Beach Road
Suite 200
Naples, Florida 34108

*Counsel for Debtor and Debtor-in-Possession,*
*H2O Investment Properties, LLC*

*************************************************************************

<u>MAIL TO</u>:                                    *For Ballot Tabulation Only*
                                                    ***********************************
Clerk                                              Ballot No._____Creditor Class_____
United States Bankruptcy Court
Sam M. Gibbons United States Courthouse        Claim No._____Claim $_____
801 North Florida Avenue
Tampa, Florida 33602                            Claim Amount per Schedule $_____
                                                    ***********************************************

3

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

In re:                                                          Case No. 2:23-bk-00373-FMD
                                                                Chapter 11

H2O Investment Properties, LLC,

             Debtor.

_____/


**AMENDED BALLOT FOR ACCEPTING AMENDED PLAN OF
REORGANIZATION [D.E. 90] FOR H2O INVESTMENT PROPERTIES, LLC**

**TO HAVE YOUR VOTE COUNT, YOU MUST COMPLETE AND RETURN THIS
BALLOT BY THE DEADLINE INDICATED BELOW**

*On July 3, 2023, H2O Investment Properties, LLC, the above-captioned debtor (the "Debtor")
filed the Debtor's Plan of Reorganization in this case in accordance with chapter 11 of the United
States Bankruptcy Code (the "Plan of Reorganization") [Doc No. 53]. By Order, dated July 11,
2023, the Bankruptcy Court entered its Order Scheduling (I) Hearing on Confirmation of Plan of
Reorganization, (II) Deadlines with Respect to Confirmation Hearing, and (III) Deadlines for
Filing Administrative Expense Applications [Doc No. 58]. The Plan of Reorganization provides
information to assist you in deciding how to vote your ballot.*

The Plan of Reorganization referred to in this ballot can be confirmed by the Court and thereby
made binding on you if it is accepted by the holders of two-thirds in dollar amount and more than
half in number of the ballots cast in each class entitled to vote. In the event the requisite
acceptances are not obtained, the Court may nevertheless confirm the Plan of Reorganization if
the Court finds that the Plan of Reorganization accords fair and equitable treatment to the class(es)
rejecting it. Any and all capitalized terms used herein but not defined shall have the meaning
ascribed to them in the Plan of Reorganization.

You should review the Plan of Reorganization before you vote. You may wish to seek legal advice
concerning the Plan and your classification and treatment under the Plan. **Your claim has been
placed in Class 13 under the Plan of Reorganization. If you hold claims and/or equities in
more than one class, you will receive a ballot for each class in which you are entitled to vote
and should submit a separate ballot for each class in which you are entitled to vote.**

**Parties in interest shall submit to the Clerk's office their written ballot accepting or rejecting
the Plan of Reorganization on or <u>before</u> August 9, 2023 (which is seven (7) days before the
date of the Confirmation Hearing scheduled for August 16th, 2023). To have your vote
counted, you must complete and submit a ballot using the Court's CM/ECF system for those**

**users with a login and password.  For those without a login and password, you may submit your ballot through the Chapter 11 eBallots link on the Court's website - <u>www.flmb.uscourts.gov</u> - or by mailing a completed ballot to the Clerk at the address below.**

### ACCEPTANCE OR REJECTION OF THE PLAN OF REORGANIZATION

*This ballot is for creditors <u>BCMB1</u>, who hold a Class 13 Claim for the following type of claim placed in the indicated class in the indicated amount*:

| *TYPE OF CLAIM* | *CLASS IN PLAN OF REORGANIZATION* | *AMOUNT OF CLAIM* |
|---|---|---|
| <u>**Secured Claim**</u> | 13 | $402,987.00 |

2

The undersigned, a Class 17 creditor of the above-named Debtor in the unpaid principal amount of $149,119.46:

**[Check One Box Only]**

    X  ACCEPTS           REJECTS the Debtor's Plan of Reorganization.

Dated:                 8/25/23

Name of Creditor:    BCMB1 Trust

Creditor's Signature:    /s/ Melbalynn Fisher

By (if appropriate):

As (if appropriate):    Counsel for Creditor

Address:          1031 North Miami Beach Blvd
                North Miami Beach, FL 33162

All ballots must be received **on or before** August 9, 2023.

RETURN A <u>COPY</u> OF THIS BALLOT TO:

Michael R. Dal Lago
DAL LAGO LAW
999 Vanderbilt Beach Road
Suite 200
Naples, Florida 34108

*Counsel for Debtor and Debtor-in-Possession,*
*H2O Investment Properties, LLC*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>MAIL TO:</u>                            *For Ballot Tabulation Only*
                                  \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Clerk                               Ballot No._____Creditor Class_____
United States Bankruptcy Court
Sam M. Gibbons United States Courthouse      Claim No._____Claim $_____
801 North Florida Avenue
Tampa, Florida 33602                      Claim Amount per Schedule $_____
                                   \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**EXHIBIT B**

| | | WEST LINN SALE PROCEEDS | | |
|---|---|---|---|---|
| Class # | Priority | Creditor Name | Share of Sales | Notes |
| 3 | 1 | Citadel Servicing Corp. | $1,344,814.00 | Filed Proof of Claim as UMB Bank, National Association, not in its individual capacity but solely as legal title trustee of LVS Title Trust XIV |
| 15 | 2 | Umpqua Bank | $122,000.00 | |
| 11 | 3 | Loan Processing Servicing Corp. | $197,594.29 | |
| 10 | 4 | Ms. Jennifer Sirrine | $5,202.00 | |
| 12 | 5 | Oregon State Credit Union | $28,163.28 | |
| 16 | N/A | General Unsecured Creditors | $350,000.00 | Brilliant Homes LLC is the sole General Unsecured Creditor. Brilliant Homes will (a) have an allowed Class 16 claim in the amount of $350,000, and (b) receive a distribution in the full amount of its claims only if, (i) the West Linn Property is sold, and (ii) all other creditors secured by the West Linn Property receive payment in full on their allowed claims. |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | WILSONVILLE LOAN PROCEEDS | | |
| Class # | Priority | Creditor Name | Share of Loan | |
| 14 | 1 | Shell Point Mortgage Services | $1,051,600.00 | |
| 13 | 2 | Planet Home Lending (BCMB1) | $402,987.00 | |
| 2 | 3 | Arbor Village Homeowners Association | $13,236.11 | |
| 4 | 4 | City of Oregon City | $14,601.00 | |
| 5 | 4 | City of Oregon City | $72,026.00 | |
| 6 | 5 | Deem Realty Funding, Inc. | $20,710.08 | |
| 7 | 5 | Deem Realty Funding, Inc. | $49,424.96 | |
| 8 | 6 | DJ Property Solutions, Inc. | $69,899.96 | |
| 9 | 7 | Xianghua "Ed" Pan and Gretchen Pan | $6,305.00 | |
| | | | | |