UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

In re:

H2O Investment Properties, LLC,

    Debtor.
_____/

Case No. 2:23-bk-00373-FMD
Chapter 11

**H2O INVESTMENT PROPERTIES, LLC'S**
**MOTION TO MODIFY CONFIRMED PLAN**
**(Related Doc. Nos. 90, 113)**

> **NOTICE OF OPPORTUNITY TO**
> **OBJECT AND REQUEST FOR HEARING**
>
> If you object to the relief requested in this paper you must file a response with the Clerk of Court at Sam Gibbons United States Courthouse, 801 N. Florida Avenue, Suite 555, Tampa, Florida 33602-3899 within twenty-one days from the date of the attached proof of service, plus an additional three days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.
>
> If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.
>
> **You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.**

      H2O Investment Properties, LLC, by and through the undersigned legal counsel, pursuant to sections 105(a) and 1193(c) of Title 11 of the United States Code ("Bankruptcy Code"), files this Motion to Modify Confirmed Plan and, as grounds therefor, respectfully states the following:

## JURISDICTION

1. The United States District Court for the Middle District of Florida (this "Court") is the proper venue for the above-captioned Chapter 13 bankruptcy case (this "Case") pursuant to 28 U.S.C. §§ 89(b), 1408(1), and 1409. This Court's Fort Myers Division is the appropriate place to hold court for the Case pursuant to Local Rule 1071-1(b)(4).

2. Consideration of this Motion is a core proceeding under 28 U.S.C. § 157(b)(2), and the statutory bases for this Motion include Bankruptcy Code sections 105(a) and 1193(c).

## BACKGROUND

3. The Debtor owns that certain real property, located at 30620 SW Rose Lane, Wilsonville, Oregon 97070 (the "Real Property"). The Real Property is more precisely described as follows:

> **Lot 2, Buck's Landing, in the City of Wilsonville, County of Clackamas and State of Oregon as recorded in Plat Book 120, Page 8, of the Public Records of Clackamas County, Oregon.**

4. The Debtor incorporates its Amended Expedited Motion to Enforce the Automatic Stay and for Fees, Costs, and Damages Against (I) The Bank of New York Mellon fka the Bank of New York as Trustee for the Certificate Holders of the CWALT, Inc., Alternative Loan Trust 2007-OA4 Mortgage Passthrough Certificates, Series 2007-OA4, and ZBS Law, LLP as Counsel for Same, and (II) Planet Home Lending, LLC, as Servicer for BCMB1 Trust (Doc. No. 132) ("Motion for Damages") as though entirely set forth herein.

5. On April 2, 2023 (the "Petition Date"), the Debtor filed its voluntary petition for small business debtor reorganizational relief under Chapter 11, Subchapter V of the Bankruptcy Code.

6.       On August 11, 2023, the Debtor filed its First Amended Plan of Reorganization for Small Business Under Chapter 11, Subchapter V (Doc. No. 90) ("Plan"). The Plan provides that, within sixty (60) days from its effective date, the Debtor must refinance the Real Property, or will otherwise be forced to surrender the Real Property. Plan at 3.

7.       On September 18, 2023, this Court entered its Order (I) Confirming First Amended Plan of Reorganization for Small Business Under Chapter 11, Subchapter V, as Further Amended and Modified Herein; and (II) Setting Post-Confirmation Status Conference (Doc. No. 113) ("Confirmation Order"). The Confirmation Order confirmed the Plan, as modified therein, pursuant to Bankruptcy Code section 1191(b). *See generally* Confirmation Order. Specifically, the Confirmation Order provided, in relevant part, as follows:

> "As provided for in the Plan, *in the event that* either the the [sic] Wilsonville Property or the West Linn Property is deemed surrendered, the Creditors holding secured claims against such property will not have any *in personam* recourse against the Debtor or the estate on account of their claims and the automatic stay shall be deemed modified in favor of such creditors."

*Id*. at 9, ¶ 5 (alterations added).

8.       In furtherance of its goal of obtaining a loan to refinance (the "Wilsonville Loan")—rather than surrendering—the Real Property, the Debtor scheduled an appraisal thereof for November 13, 2023.

9.       The Bank of New York Mellon fka the Bank of New York as Trustee for the Certificate Holders of the CWALT, Inc., Alternative Loan Trust 2007-OA4 Mortgage Passthrough Certificates, Series 2007-OA4 (the "Bank") [1] obtained a Writ of Execution from the Circuit Court of the State of Oregon for the County of Clackamas. Pursuant to the Writ, the

---

[1] The Bank was noticed, referenced, and treated in the Plan as "Shellpoint," though the Bank's Proof of Claim No. 4 requested notice to NewRez LLC d/b/a Shellpoint Mortgage Servicing.

Clackamas County Sheriff ("Sheriff") issued a "Notice of Sheriff's Sale (Real Property)" ("Notice of Sale"). The Notice of Sale provided that the Sheriff would hold a sheriff's sale ("Sheriff's Sale") on September 6, 2023 to sell the Real Property.

10. After the Petition Date, the Bank and its Oregon counsel, ZBS Law, LLP ("Bank's Counsel"), repeatedly refused to cancel the Sheriff's Sale, affirmatively taking the step of rescheduling the Sheriff's Sale to be held in December 2023. *See generally* Motion for Damages.

11. BCMB1 Trust ("BCMB1") placed lockboxes on the Real Property on multiple occasions after the Petition Date, preventing the appraisal scheduled November 13, 2023. *Id*. The acts and omissions by the Bank, Bank's Counsel, and BCMB1 prevented the Debtor from obtaining the Wilsonville Loan within the timeframe set forth by the Plan.

12. On December 1, 2023, the Debtor filed its Motion for Damages, seeking relief as a result of the actions and omissions by the Bank, Bank's counsel, and BCMB1.

13. The Debtor continues to operate its business as a debtor in possession pursuant to Bankruptcy Code section 1184. No creditors' or equity security holders' committees have been appointed in this Case.

**RELIEF REQUESTED**

14. The Debtor respectfully requests this Court enter an order: (i) granting this Motion; (ii) modifying the Plan by incorporating the modifications described below (the "Proposed Modifications"); and (iii) granting the Debtor such other and further relief as this Court deems just and proper.

## PROPOSED MODIFICATIONS

15. The Proposed Modifications are as follows:

    a. REPLACE the following sentence from Page 3 of the Plan:

    "The Debtor anticipates that the Wilsonville Loan will close within Sixty (60) days from the Effective Date."

    WITH

    "The Debtor anticipates that the Wilsonville Loan will close within One Hundred Five (105) days from the Effective Date."

    b. REPLACE the following sentence from Page 3 of the Plan:

    "In the event that the Debtor is unable to close the Wilsonville Loan on or before the Sixtieth (60th) day from the Effective Date, the Debtor will surrender the Wilsonville Property and the automatic stay will be deemed modified to allow the Wilsonville Creditors to foreclose on, or take any other actions to enforce their rights to, the Wilsonville Property."

    WITH

    "In the event that the Debtor is unable to close the Wilsonville Loan on or before the One Hundred Fifth (105th) day from the Effective Date, the Debtor will surrender the Wilsonville Property and the automatic stay will be deemed modified to allow the Wilsonville Creditors to foreclose on, or take any other actions to enforce their rights to, the Wilsonville Property."

    c. REPLACE ALL instances of the following sentence fragment:

    "Within Sixty (60) days of the Effective Date,"

    WITH

    "Within One Hundred Five (105) days of the Effective Date,"

    d. INSERT the following sentence into Page 7 of the Plan:

    "In addition to any other changes and limitations set forth in this Plan, the Agreed Order Granting BCMB1 Trust's Amended Motion for Prospective Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(D)(4)(A) [D.E. 52] Effective 60 Days from the Plan's Effective Date and Granting Adequate Protection (Doc. No. 101) shall be deemed modified so that all references to '60 days' shall be replaced with '105 days.'"

   e.  REPLACE the following sentence from Page 6 of the Plan:

"Similarly, the Debtor has committed to either pay the Wilsonville creditors in full by way of the Wilsonville Loan, or abandon such property if the Wilsonville Loan does not close within Sixty (60) days from the Effective Date."

WITH

"Similarly, the Debtor has committed to either pay the Wilsonville creditors in full by way of the Wilsonville Loan, or abandon such property if the Wilsonville Loan does not close within One Hundred Five (105) days from the Effective Date."

## **BASES FOR RELIEF REQUESTED**

16. This Court should grant this Motion because the actions and omissions described herein, and in the Motion for Damages, have rendered compliance with the unmodified Plan impossible, and the modifications are appropriate to ensure the greatest possible distribution to creditors.

17. Bankruptcy Code section 1193(c) provides as follows:

"If a plan has been confirmed under section 1191(b) of this title, the debtor may modify the plan at any time within 3 years, or such longer time not to exceed 5 years, as fixed by the court, but may not modify the plan so that the plan as modified fails to meet the requirements of section 1191(b) of this title. The plan as modified under this subsection becomes the plan only if circumstances warrant such modification and the court, after notice and a hearing, confirms such plan, as modified, under section 1191(b) of this title."

11 U.S.C. § 1193(c).

18. The Wilsonville Loan can still be obtained within weeks, despite the actions and omissions alleged in the Motion for Damages. The Debtor's creditors and estate should not be harmed as a result of the actions and omissions identified in the Motion for Damages. Extending the deadline by forty-five (45) days—or such other time this Court deems just and proper—for the Debtor to close on the Wilsonville Loan will allow junior lien creditors the opportunity to receive substantially larger distributions than they would receive if the Real Property was

surrendered. The Plan, as modified, complies with Bankruptcy Code section 1191(b). Accordingly, this Court should grant this Motion.

WHEREFORE, the Debtor respectfully requests this Court enter an enter an order: (i) granting this Motion; (ii) modifying the Plan by incorporating the Proposed Modifications; and (iii) granting the Debtor such other and further relief as this Court deems just and proper.

**Dated**: December 1, 2023

Respectfully submitted,

**DAL LAGO LAW**
999 Vanderbilt Beach Road
Suite 200
Naples, FL 34108
Telephone: (239) 571-6877

By: */s/ Christian Garrett Haman*
MICHAEL R. DAL LAGO
Florida Bar No. 102185
Email: mike@dallagolaw.com
CHRISTIAN GARRETT HAMAN
Florida Bar No. 1017079
Email: chaman@dallagolaw.com
JENNIFER M. DUFFY
Florida Bar No. 1028911
Email: jduffy@dallagolaw.com

*Counsel for H2O Investment Properties, LLC, Debtor and Debtor in Possession*

**CERTIFICATE OF SERVICE**

     I CERTIFY that on this 1st day of December 2023, a true and correct copy of the foregoing shall be electronically served: (i) through this Court's CM/ECF Noticing system upon entry to all parties registered for service including: **United States Trustee – FTM**, 501 E. Polk Street, Suite 1200, Tampa, Florida 33602, **Michael C. Markham**, **Subchapter V Trustee**, 401 E. Jackson Street, Suite 3100, Tampa, FL 33602, **Wanda D. Murray**, **Bankruptcy Counsel for The Bank of New York Mellon fka the Bank of New York as Trustee for the Certificate Holders of the CWALT, Inc., Alternative Loan Trust 2007-OA4 Mortgage Passthrough Certificates, Series 2007-OA4, Aldridge Pite, LLP**, Six Piedmont Center, 3525 Piedmont Road, N.E., Suite 700, Atlanta, Georgia 30305, and **Melbalynn Fisher, Esq., Counsel for Planet Home Lending, LLC, as Servicer for BCMB1 Trust**, Ghidotti | Berger, LLP, 1031 North Miami Beach Blvd., North Miami Beach, FL 33162; and (ii) via First Class U.S. Mail to all those on the attached mailing matrix who are not represented by counsel.

                                                          */s/ Christian Garrett Haman*
                                                          CHRISTIAN GARRETT HAMAN
                                                          Florida Bar No. 1017079

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-2<br>Case 2:23-bk-00373-FMD<br>Middle District of Florida<br>Ft. Myers<br>Fri Dec  1 15:46:11 EST 2023 | Caryl E. Delano<br>Tampa<br>, FL | H2O Investment Properties LLC<br>999 Vanderbilt Beach Road<br>Suite 200<br>Naples, FL 34108-3512 |
| UMB Bank, National Association, not in its i<br>Greenspoon Marder LLP<br>c/o Lindsey Savastano, Esq.<br>100 West Cypress Creek Rd., Suite 700<br>Fort Lauderdale, FL 33309-2195 | Arbor Village Homeowners Assoc<br>c/o CA Partners<br>PO Box 3460<br>Portland, OR 97208-3460 | BCMB1 Trust -<br>Planet Home Lending, LLC<br>321 Research Parkway, Suite 303<br>Meriden CT 06450-8342 |
| Brilliant Homes LLC<br>4035 SE 52ND AVE STE A<br>Portland, OR 97206-3913 | Citadel Servicing Corp<br>3 Ada Parkway<br>Suite 200A<br>Irvine, CA 92618-2322 | Citadel Servicing Corp<br>3220 El-Camino Real<br>Irvine, CA 92602-1377 |
| City of Oregon City<br>625 Center Street<br>Oregon City, OR 97045-2253 | Clackamas County Service District<br>Water / Sewer Dept<br>150 Beavercreek Road #430<br>Oregon City, OR 97045-4302 | Clackamas County Tax Collector<br>Real Estate taxes<br>2051 Kaen Rd<br>Oregon City, OR 97045-4035 |
| DJ Property Solutions, LLC<br>1444 E Center St<br>Springville, UT 84663-2138 | Deem Realty Funding Inc<br>525 B Street<br>Salt Lake City, UT 84103-2547 | Department of Revenue<br>PO Box 6668<br>Tallahassee FL 32314-6668 |
| Greenspoon Marder LLP<br>c/o Trustee Corps<br>17100 Gillette Avenue<br>Irvine, CA 92614-5603 | Gretchen Pan & Zianghua 'Ed' Pan<br>c/o Troy G. Sexton, Esq.<br>117 SW Taylor, Ste 300<br>Portland, OR 97204-3029 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| Loan Processing Servicing Corp<br>19528 Ventura Blvd , #502<br>Tarzana, CA 91356-2917 | NewRez LLC d/b/a Shellpoint Mortgage Servici<br>c/o Wanda D. Murray<br>Aldridge Pite, LLP<br>Six Piedmont Center<br>3525 Piedmont Road, N.E., Suite 700<br>Atlanta, GA 30305-1608 | (p)OREGON STATE CREDIT UNION<br>PO BOX 306<br>CORVALLIS OR 97339-0306 |
| Planet Home Lending<br>321 Research Pkwy #303<br>Meriden, CT 06450-8342 | Quality Loan Service Corp of Washington<br>108 1st Ave S, Seattle<br>Seattle, WA 98104-2538 | Shell Point Mortgage Services<br>2100 E Elliot Rd, Ste A<br>Tempe , AZ 85284-1806 |
| THE BANK OF NEW YORK MELLON -<br>FKA THE BANK OF NEW YORK<br>NewRez LLC<br>d/b/a Shellpoint Mortgage Servicing<br>P.O. Box 10826<br>Greenville, SC 29603-0826 | THE BANK OF NEW YORK MELLON<br>FKA THE BANK OF NEW YORKK<br>NewRez LLC<br>d/b/a Shellpoint Mortgage Servicing<br>P.O. Box 10826<br>Greenville, SC 29603-0826 | THE BANK OF NEW YORK MELLON FKA THE BANK OF<br>c/o NewRez LLC d/b/a Shellpoint Mortgage<br>P.O. Box 10826<br>Greenville SC 29603-0826 |
| Trustee Corps<br>606 W. Gowe Street<br>Kent, WA 98032-5744 | UMB Bank, National Association<br>c/o Lindsey Savastano, Esq.<br>100 West Cypress Creek Rd., Suite 700<br>Fort Lauderdale, FL 33309-2195 | Umpqua Bank -<br>707 West Main St<br>PO Box 2224<br>Spokane , WA 99210-2224 |

| | | |
|---|---|---|
| Benjamin E. Lambers +<br>Timberlake Annex<br>501 E. Polk Street, Suite 1200<br>Tampa, FL 33602-3945 | United States Trustee - FTM +<br>Timberlake Annex, Suite 1200<br>501 E. Polk Street<br>Tampa, FL 33602-3949 | Lindsey A Savastano +<br>Greenspoon Marder LLP<br>Trade Centre South<br>100 West Cypress Creek Road<br>Ste 700<br>Fort Lauderdale, FL 33309-2195 |
| Michael R Dal Lago +<br>999 Vanderbilt Beach Road, Suite 200<br>Naples, FL 34108-3512 | Melbalynn Fisher +<br>Ghidotti & Berger LLP<br>1031 North Miami Beach Boulevard<br>North Miami Beach, FL 33162-3842 | Wanda D Murray +<br>Aldridge Pite, LLP<br>Six Piedmont Center<br>3525 Piedmont Road, N.E.<br>Ste 700<br>Atlanta, GA 30305-1608 |
| Christian G Haman +<br>Dal Lago Law<br>999 Vanderbilt Beach Road, Suite 200<br>Naples, FL 34108-3512 | Jennifer M Duffy +<br>Dal Lago Law<br>999 Vanderbilt Beach Road, Suite 200<br>Naples, FL 34108-3512 | Michael C Markham +<br>401 E. Jackson Street<br>Ste 3100<br>Tampa, FL 33602-5228 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Oregon State Credit Union
PO Box 306
Corvallis, OR 97339

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u) BCMB1 Trust | (u)NewRez LLC d/b/a Shellpoint Mortgage Servi | (u)Terry Sprague<br>Luxe   Forbes Global Properties |
| (u)The Bank of New York Mellon fka the Bank o | (d)Citadel Servicing Corporation -<br>3 Ada Parkway, Suite 200A<br>Irvine, CA 92618-2322 | (d)Deem Realty Funding Inc.<br>525 B Street<br>Salt Lake City, UT 84103-2547 |
| (u)Jennifer Sirrine | (u)Naples Business Suites LLC<br>Concierge Executive Offices<br>999 Vanderbilt Beach Road, Ste 200 | (u)bank |
| (d)Michael C Markham +<br>401 E. Jackson Street<br>Ste 3100<br>Tampa, FL 33602-5228 | (u)Note: Entries with a '+' at the end of the<br>name have an email address on file in CMECF<br>--------------------------------------------<br>Note: Entries with a '-' at the end of the<br>name have filed a claim in this case | End of Label Matrix<br>Mailable recipients    38<br>Bypassed recipients    11<br>Total                  49 |